1  **NYE, PEABODY, STIRLING, HALE & MILLER, LLP**
2  Jonathan D. Miller (SBN. 220848)
   33 West Mission St., Suite 201
3  Santa Barbara, California 93101
   Telephone: (805) 963-2345
4  Facsimile: (805) 563-5385
   david@nps-law.com
5  jonathan@nps-law.com

6  **SCHENDZIELOS & ASSOCIATES, LLC**
   Daniel J. Schendzielos (CO. SBN 22542)
7  8547 E. Arapahoe Rd., Suite J534
   Greenwood Village, CO 80112
8  Telephone: (303) 773-6600
   Facsimile: (303) 957-2382
9
   Attorneys for Plaintiffs
10
              **UNITED STATES DISTRICT COURT**
11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13 JOHN R. BEHRMANN, and NANCY P. BEHRMANN, as individuals and assignees of DR. ROBERT GRIEGO, DR. CAROLE GRIEGO, TERRY P. GILLETT, BRENDA A. GILLETT, WILLIAM P. O'CONNELL, and JINAN O'CONNELL | Case No.  CV12-5636 DMG (CWx) |
| Plaintiffs, | **PLAINTIFFS' JOINT STATUS REPORT** |
| vs. | |
| JOHN T. HOUK, II, an individual, MIRIAM M. HOUK, an individual, JOHN T. HOUK III, an individual, JANET H. RIDGELY, an individual, JULIE L. HOUK, an individual, ROBERT BEN KORI & ASSOCIATES, corporate form unknown, CONGRESSIONAL DISTRICT PROGRAM, INC., a corporation; CHARITY ADMIN, INC., a corporation; UNITED CHARITABLE PROGRAMS, a non-profit organization; NATIONAL PHILANTHROPIC INSTITUTE, a corporation; INTERNATIONAL | Complaint Filed:   June 28, 2012<br>Trial Date:        None<br>Judge:            Hon. Dolly Gee |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

1

PHILANTHROPIC INSTITUTE, a corporation; STELLAR FINANCIAL, INC., a corporation; STELLAR TECHNOLOGY SOLUTIONS, LLC, a limited liability company; STELLAR ADVISORS, INC., a corporation; IAN SCOTT-DUNNE, an individual; STELLAR McKIM, LLC, a limited liability company; McKIM CAPITAL, a corporation; JAMES CAHILL, an individual; MICHAEL GOLDSTEIN, an individual, CHRISTIE KENNETT, an individual, HUSCH BLACKWELL LLP, a Missouri Limited Liability Partnership, PATTON BOGGS, LLP, a limited liability partnership, FOLEY & LARDNER, LLP, a limited liability partnership; and DOES 1-10, inclusive.

Defendants.

Pursuant to this Court's November 17, 2014, order, Plaintiffs hereby submit the following status report.[1]  As explained below, due to matters pending before the Fourth Circuit Court of Appeals and the United States Supreme Court, the stay of proceedings issued by this Court on February 6, 2013, should continue.

## I.  Plaintiffs' Joint Status Report

As this Court may recall, this case arises out of Plaintiffs' claims for violations of the federal civil racketeering statutes and related offenses that resulted in the taking of money Plaintiffs had set aside for charitable donations. Plaintiffs' allege that defendants defrauded thousands of consumers (over 1000 citizens in California alone) and a federal bankruptcy court into converting over

---

[1] Plaintiffs attempted to file a joint report as directed by the court, but defendants elected to file independently. (See Exhibit 1: Correspondence between the parties' counsel regarding the filing of this report.)

$170 million of charitable assets over to defendants' full use, custody, and control through false marketing and a Chapter 11 bankruptcy proceeding filed by National Heritage Foundation ("NHF"). Plaintiffs initiated this action to recover the money lost by themselves and several Arizona Assignors through Defendants' sophisticated RICO enterprise.

There have been numerous appeals filed both before and after this action flowing from the Chapter 11 bankruptcy petition filed by NHF.  NHF's Chapter 11 reorganization plan included broad releases for its officers and directors that were largely comprised of the members of the Houk family (each of whom are defendants to this action) ("Houk Defendants").

On February 6, 2013, this Court issued an order indicating this action would be stayed until all the appeals stemming from of the bankruptcy court's orders were resolved. Below, Plaintiffs have outlined the current status of each of these appeals for this Court's review.

A.   ***Behrmann v. Nation Heritage Foundation***, **(Fourth Circuit Case No. 10-2015) ("*Behrmann I*")**

On December 9, 2011, the Fourth Circuit Court of Appeals issued its opinion in the matter captioned *Behrmann v. Nat'l Heritage Found*., 663 F.3d 704 (4th Cir. 2011) ("*Behrmann I*").  At issue in *Behrmann I* was the validity of certain release, injunction, and exculpation provisions included within NHF's final Chapter 11 reorganization plan. The bankruptcy plan included non-debtor release provisions that shielded NHF's officers and directors (i.e. the Houk Defendants in this litigation) from liability. The Fourth Circuit held the record before it did not support the application of the release provisions to include non-debtors such as the Houk Defendants. Specifically, the court held:

> Because the present record does not allow us to assess – under
> any standard of review – whether NHF's circumstances entitle it
> to the benefit of the Release Provisions, we must vacate the

district court's judgment and remand the case to allow the
bankruptcy court – if the record permits it – to set forth specific
factual findings supporting its conclusions.  *Id.* at 713 (2011).

In doing so, the Fourth Circuit vacated the judgment of the district court affirming the bankruptcy court's prior orders confirming NHF's reorganization plan, which included the broad releases.[2]

On remand from the Fourth Circuit, NHF was given the option to re-open and supplement the record (in order to produce additional evidence) to support its claim that the non-debtor release provision should be upheld. NHF chose not to re-open the record.  The bankruptcy court then took the matter under submission for several months. Upon its second review, the bankruptcy court followed the Fourth Circuit's directive and reversed its prior ruling concerning part of the release provisions. The bankruptcy court ultimately found there was insufficient evidence in the record to support the broad liability releases sought by NHF for their officers and directors.

**B.**     ***The Filing of this Action***

After the Fourth Circuit's opinion in *Behrmann I*, Plaintiffs filed this suit. Plaintiffs did so to prevent various statutes of limitation on the claims at issue in this case from running.  In particular, Plaintiffs were concerned that when the Fourth Circuit had vacated the bankruptcy confirmation order in *Behrmann I* - including the release provision insulating the Houk Defendants from suit - the statutes of limitation to pursue certain claims was counting down and set to expire. This action was filed to preserve these claims.

Before service of the suit, Plaintiffs filed a First Amended Complaint ("FAC"), which included language indicating the Behrmann Plaintiffs were not suing National Heritage Foundation for any conduct that preceded the bankruptcy confirmation, and were not suing the Houk Defendants for conduct that arose

---

[2] At the time of the ruling in *Behrmann I*, it was unclear whether or not the Fourth Circuit had vacated the entire plan or just the portion related to the broad releases.

during the exculpation period (i.e. "Exculpated Claims").  (Dkt. No. 13 ¶¶ 49, 186, 216, 223, 232, 239) (collectively referred to as the "Avoidance Language").

Plaintiffs then submitted the FAC to the bankruptcy court and subsequently sought to pursue Exculpated Claims against the Houk Defendants as indicated in the FAC.  The bankruptcy confirmation plan specifically contemplated that future actions could be prosecuted against the Houk Defendants for their conduct during the bankruptcy.[3]  The confirmation plan included a clause that a person could prosecute an exculpated claim "if such person obtains prior approval of the Bankruptcy Court to bring such a claim." (See Exhibit 9, pg 26.)

In response to Plaintiffs' motion requesting the bankruptcy court's permission to pursue the Exculpated Claims, NHF filed a motion for contempt against Plaintiffs.  NHF argued Plaintiffs were violating the bankruptcy plan for filing the initial action and pursuing Exculpated Claims – the same claims Plaintiffs were seeking the bankruptcy court's permission to pursue. Ultimately, the bankruptcy court denied the motion for leave to pursue Exculpated Claims, and found the Plaintiffs in contempt and awarded sanctions against Plaintiffs and their attorneys.

In and around the same time, NHF also appealed the bankruptcy court's order negating the releases for the Houk Defendants. NHF appealed the matter to the District Court for the Eastern District of Virginia. On its second review *de novo*, the District Court reversed its prior order on the matter and upheld the bankruptcy court's new order striking the release provisions from NHF's bankruptcy confirmation plan. NHF then appealed the matter back to the Fourth Circuit.

///

//

---

[3] The Honorable Stephen S. Mitchell, the initial judge handling the bankruptcy case, had specifically authorized such claims against the Houks Defendants and the other directors and officers.

PLAINTIFFS' JOINT STATUS REPORT

**C.**       ***National Heritage Foundation, Inc. v. Highbourne Foundation***
**(Fourth Circuit Case No. 13-1608) ("*Behrmann II*")**

On its second review, the Fourth Circuit reaffirmed its decision in *Behrmann I*, finding again that the record did not support the release provision being requested by NHF for its officers and directors. *Nat'l Heritage Found., Inc. v. Highbourne Found.*, 760 F.3d 344 (4th Cir. 2014) ("*Behrmann II*") (See Exhibit 2). Specifically, the Fourth Circuit held "NHF has failed to carry its burden of proving that the facts and circumstances of this case justify the Release Provision." (*Id.* at 347.)

In reaching its ruling, the Fourth Circuit noted that NHF's officers and directors were mostly insiders who performed their duties either because they were paid to do so (in the case of officers), or because they had a fiduciary obligation to do so (in the case of the directors), and the Released Parties did not provide any meaningful consideration for their release from liability. (*Id.* at 348.) Additionally, the court noted that the equities weighed against upholding the Release as "the class most affected by the Release Provision [the donor class including the Behrmanns], was not given the opportunity to accept or reject the plan." (*Id.*)

The Fourth Circuit emphasized that NHF's reorganization plan did not provide a mechanism to consider or pay claims made by the class affected by the non-debtor release of the officers and directors.

The Court noted that donors, such as the Plaintiffs, were the class "most affected by the Release Provision," but were "not given the opportunity to accept or reject the plan." (*Id.* at 349.) The Fourth Circuit also noted "NHF certainly did not encourage donors to participate in the bankruptcy process. *See, e.g.,* J.A. 503 (informing donors in the disclosure statement that NHF would object to any donor-filed claims and that 'Donors are not creditors of the Debtor and will have no rights to vote or reject the Debtor's Plan or receive Distributions under the

1    Plan')."  The Fourth Circuit then concluded "This hardly strikes us as a *bona fide*

2    effort to ensure the consideration of nearly all the donor class's claims…." (*Id.* at

3    351.)

4            The Fourth Circuit further expressed its concern over the nature of the

5    Release provisions in this case: "[g]iven the extraordinary breadth of this

6    particular release, we are also troubled by NHF's failure to provide a mechanism

7    outside of the bankruptcy process to satisfy donor claims." (*National Heritage*

8    *Foundation, Inc. v. Highbourne Foundation, supra* 760 F.3d at 351.)  This failure

9    of the plan to permit donor inclusion in the bankruptcy process, combined with the

10   failure to provide a mechanism to satisfy donor claims, persuaded the Fourth

11   Circuit that the Release provisions were not appropriate in this case.

12           Ultimately, the Fourth Circuit determined that NHF failed to offer adequate

13   support to show that the exceptional relief offered by the Release provisions was

14   warranted in this case.  The non-debtor release provisions of the bankruptcy plan

15   are thus, unenforceable, and barring reversal by the U.S. Supreme Court, Plaintiffs

16   will be permitted to pursue claims against the Houk Defendants in this litigation.

17           Following the Fourth Circuit's decision, NHF filed a petition for rehearing

18   by the Fourth Circuit *en banc*.  The request for rehearing was circulated.  No judge

19   requested a poll under Fed. R. App. P. 35.  The petition for rehearing *en banc* was

20   denied. (See Exhibit 3; *National Heritage Foundation v. Highbourne Foundation,*

21   No. 13-1608, Dkt. No. 67, (4th Cir. July 25, 2014).)

22           On October 23, 2014, NHF filed a Petition for Writ of Certiorari to the

23   United States Supreme Court seeking further review of the Fourth Circuit's ruling.

24   (See Exhibit 4; *National Heritage Foundation v. Highbourne Foundation,* No. 14-

25   481 (U.S.Sup. Ct. October 23, 2014.)  On November 26, 2014, the Behrmanns

26   filed a response to the Petition. (See Exhibit 5.)

27   ///

28   //

PLAINTIFFS' JOINT STATUS REPORT

**D.**  *National Heritage Foundation v. Jonathan D. Miller, Daniel J. Schendzielos, John and Nancy Behrmann* **(Fourth Circuit Case No. 14-1541(L), 14-1543, 14-1576)**

As indicated above, in response to Plaintiffs filing their initial motion for leave to pursue the Exculpated Claims, NHF brought a motion for contempt against the Behrmanns. The motion argued the Behrmanns should be held in contempt for filing this suit and pursuing Exculpated Claims without leave of court. Plaintiffs, however, included the following language in the FAC to make clear they were not pursuing Exculpated Claims (or any claims within the bankruptcy court's jurisdiction) unless and until authorized by the court:

> "The Behrmann Plaintiffs, in their individual capacities, are not bringing this claim against NHF for conduct that predates July 1, 2010 [the effective date of the Behrmanns' settlement agreement with NHF].  None of the Plaintiffs are bringing this claim against NHF or the Houk Defendants for the period of January 24, 2009 through October 16, 2009 (the reorganization period), until the bankruptcy court, this Court, or a competent Court of Appeals, authorizes such action, at which point, this claim shall be deemed pursued. Plaintiffs allege conduct occurring during this reorganization period to preserve their due process rights to pursue this claim and as background evidence for the remainder of the claims." (Dkt. No. 13 ¶¶ 49, 186, 216, 223, 232, 239.)

Furthermore, Plaintiffs were actively seeking leave of the bankruptcy court to pursue Exculpated Claims when NHF filed its motion for contempt.  Still, NHF argued that the mere mention of facts involving NHF prior to the confirmation order or the Houk Defendants during the exculpation period was sufficient to warrant sanctions. This was despite Plaintiffs' need to plead the interrelationship between defendants and their

actions to substantiate and preserve RICO claims against the remaining defendants who were not protected by the bankruptcy court's orders.

The Behrmanns' motion for leave to pursue the Exculpated Claims was ultimately set by the bankruptcy court for hearing on the same day as NHF's motion for sanctions. The bankruptcy court denied the Behrmanns' motion for leave to pursue the Exculpated Claims, issued an order to show cause (*sua sponte* against the Behrmanns' attorneys), and set a hearing on an order to show cause as to why the Behrmanns and their counsel should not be held in contempt for filing this action. In doing so, the bankruptcy court rejected the language in the FAC, ultimately ruling: "there are some things that cannot be pled around." Thus, the Behrmanns' request to pursue Exculpated Claims was denied, and they were subjected to contempt.

While NHF pursued the second appeal to the Fourth Circuit of the Release provisions, the bankruptcy court went forward with the contempt hearing. During the course of the hearing, NHF sought monetary sanctions (initially arguing that it incurred over $1,000,000.00) but reduced to the amount of $766,322.96 "as a discount courtesy to its client." NHF claimed this amount represented attorney's fees and costs NHF actually incurred as a result of Plaintiffs' filing of this action. NHF sought this amount of sanctions despite never having filed a substantive response or answer in this case.

The bankruptcy court reduced the amount NHF was seeking, but still awarded NHF $278,098.53 of their requested sanctions; and further imposed a $1000 *per diem* sanctions for each day the claims against NHF and the Houk Defendants (which were pending on appeal back to the Fourth Circuit) were not dismissed.  (See Exhibit 6; *In re National Heritage Foundation* No. 09-10525-BFK, Dkt. 1187 (E.D. Bkr. Va. June 21, 2013).)

Pursuant to the bankruptcy court's order, and after complying with Local Rule 7-3, the Behrmanns moved to dismiss NHF and certain claims against the

Houk Defendants in this Court.[4]  At the time of hearing on the Behrmanns'
motion, this Court clarified that if the bankruptcy court's order requiring Plaintiffs
to dismiss NHF and the Exculpated Claims against the Houk Defendants is
reversed, Plaintiffs would be entitled to reinstate their claims. (See Dkt. 116)

In the meantime, the Behrmanns and their counsel appealed both the
bankruptcy court's ruling denying leave to pursue the Exculpated Claims and the
sanctions order first to the District Court (who upheld both orders) and then to the
Fourth Circuit.  (See Exhibits 7 & 8; *Behrmann v. National Heritage Foundation*
No. 1:13-cv-01180, Dkt. 20 (E.D. Va. May 5, 2014);  *Behrmann v. National
Heritage Foundation* No. 1:13-cv-01181, Dkt. 44 (E.D. Va. May 5, 2014).)

The three separate appeals have yet to be fully briefed and argued.
Appellants filed their opening brief on October 23, 2014.  (See Exhibit 9; *Miller v.
National Heritage Foundation* No. 14-1541, Dkt. 30 (4th Cir. October 23, 2014).)
Barring a further extension, NHF's response brief is due on December 15, 2014.

E.  ***Behrmann v. National Heritage Foundation, Inc.*** **(Fourth Circuit
Case No. 14-2178(L)**

After the Behrmanns and their attorneys appealed the contempt order
discussed above and the appeal was perfected, the bankruptcy court exercised
further jurisdiction and imposed an additional $18,000 in *per diem* monetary
sanction against the Appellants for not dismissing the claims in this Court as
quickly as the bankruptcy court deemed appropriate.  (See Exhibit 10; *In re:
National Heritage Foundation* No. 09-10525, Dkt. 1302 (E.D. Bkr. Va. April 1,
2014).)

Specifically, because the Behrmanns did not succeed in dismissing the
claims against NHF and the Houk Defendants until 18 days past the deadline, an
additional $18,000 in sanction was imposed. The Behrmanns and their attorneys
then appealed the bankruptcy court's ruling back to the United States District

---

[4] A motion was required to lift the stay this Court had previously entered on February 6,
2013, in order to seek the dismissal ordered by the bankruptcy court. (Dkt. 99)

Court for the Eastern District of Virginia.  The District Court affirmed the bankruptcy court's additional sanction order, and ordered still further sanctions for having pursued the appeal finding it was "frivolous."  (See Exhibits 11 & 12; *Behrmann v. National Heritage Foundation* No. 1:14-cv-00859, Dkt. 34 (E.D. Va. September 26, 2014); *Schendzielos v. National Heritage Foundation* No. 1:14-cv-00875, Dkt. 31 (E.D. Va. September 26, 2014).)  The court also awarded sanctions against the Attorney Appellants and their local counsel for moving to strike an untimely opposition brief. (See Exhibit 13; *Behrmann v. National Heritage Foundation* No. 1:14-cv-00859, Dkt. 42 (E.D. Va. October 29, 2014).)

The Behrmanns and their attorneys have now appealed these ancillary orders to the Fourth Circuit. The Fourth Circuit issued a briefing order on November 14, 2014.  The appendix and opening brief are due on December 24, 2014, and response brief is due on January 26, 2015.

### F.  Conclusion

Based on the foregoing, Plaintiffs believe a continued stay of proceedings remains proper until the appeals set forth above have been fully resolved.

Respectfully submitted:


DATED: December 1, 2014          NYE, PEABODY, STIRLING, HALE & MILLER, LLP


By: ____/s/_____
     Jonathan D. Miller
     Attorney for Plaintiffs

SCHENDZIELOS & ASSOCIATES, LLC


By: ___/s/_____
     Daniel Schendzielos
     Attorney for Plaintiffs